UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-99 (PJS/DTS)

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. SHAMSO AHMED HASSAN and
2. HANAAN MURSAL YUSUF,

Defendants.

**GOVERNMENT'S MOTION FOR PROTECTIVE ORDER GOVERNING DISCOVERY**

The United States of America, by and through its attorneys, Daniel Rosen, United States Attorney for the District of Minnesota, Rebecca Kline, Assistant U.S. Attorney; Lorinda Laryea, Chief of the Fraud Section, United States Department of Justice, Criminal Division, and Sara Porter, Trial Attorney, hereby files the following motion for the entry of a protective order governing discovery, and in support thereof states as follows:

1.      The defendants in the above-referenced case are charged by indictment with health care fraud conspiracy, health care fraud, and money laundering, in violation of 18 U.S.C. §§ 1349, 1347, and 1957. The indictment alleges a scheme to obtain and misappropriate millions of taxpayer dollars by defrauding state-administered health care benefits within the Minnesota Early Intensive Development and Behavior Intervention Program.

2.      The discovery to be provided by the government is voluminous. This voluminous discovery includes highly sensitive information, including bank and credit card records, tax records, and other documents and records containing personal

financial information and personal identifiable information of parties and non-parties. The discovery also includes health care records, as well as evidence of physical and mental health diagnoses and heath care provider notes. The discovery also includes information about other individuals not involved in the charged fraud scheme. The unrestricted dissemination of this information could adversely affect law enforcement interests and the privacy interests of third parties.

3.      While the government intends to redact a small subset of sensitive information from the discovery, the redaction of all personal and sensitive information from the discovery would be impractical and unduly burdensome and would also be of limited value to the defense. Similarly, while the government is prepared to make discovery available to defense counsel for inspection at its offices, which would satisfy its disclosure obligations under the rules, this would be less useful to the defense and impractical for both parties.

4.      Therefore, the government respectfully requests that this Court enter a Protective Order limiting the dissemination of that class of information considered "Protected Material." Specifically, Protected Material includes all information produced by the government in this case, except matters of public record, the defendants' own statements, criminal history information, and expert reports.

5.      It is further requested that the Protective Order state: (a) that the Protected Material shall be held in confidentiality by defendants and defense counsel and may be used solely for purposes of this litigation; (b) that defense counsel shall limit the making of copies of the Protected Material to those necessary to his or her

activities as counsel to a defendant in this action; (c) that defense counsel, defendants, and other members of the defense teams, including defense experts, may have access to the Protected Materials; (d) that all individuals having access to Protected Materials, including the defendants, shall be informed of the terms of the Protective Order prior to disclosure; (e) that the use of the Protected Material covered by this Order for any purpose other than the instant litigation shall be deemed a violation of this Order subjecting the defendant and his or her counsel to sanctions; (f) that any filings with the Court that contain Protected Material shall first be redacted pursuant to Fed. R. Crim. P. 49.1 or, if not redacted, then filed under seal in accordance with the Court's sealing rules and applicable filing procedures; and (g) that any documents or other materials containing Protected Material, and all copies of them, must be destroyed or returned to the government within 60 days of the conclusion of this litigation, including appeals.

WHEREFORE, the government respectfully moves this Court to enter the proposed protective order.

Dated: June 5, 2026                                Respectfully submitted,

                                                   DANIEL N. ROSEN
                                                   United States Attorney
                                                   District of Minnesota

                                                    /s/ *Rebecca Kline*
                                    BY:            REBECCA KLINE
                                                   Assistant United States Attorney


                                                   LORINDA LARYEA
                                                   Chief, Fraud Section
                                                   Department of Justice
                                                   Criminal Division

                                                   /s/ *Sara Porter*
                                    BY:            SARA PORTER
                                                   Trial Attorney

4